## JOHN RAMSDEN v. JOHN BRYDEN.

It is competent for the appellant, on the trial of an appeal, to prove what the appellee swore to on the trial below in a matter pertinent to the issue.

On *certiorari* to Passaic Pleas. In matter of appeal from a justice of the peace.

For plaintiff in *certiorari*, *S. Tuttle.*

VREDENBURGH, J. The only reason assigned for reversing the judgment of the pleas is, that legal evidence offered by the plaintiff in *certiorari* was overruled.

The suit was brought to recover damages for a servant of the defendant, driving against the plaintiff's cow in the street, and injuring her thereby so that she died. The cow, in some way, got hurt in her right shoulder, and the question was whether it was done by the defendant's servant. The evidence was, that in driving along the street the servant drove past the cow on her right side and hit her with his wheel in passing.

The plaintiff's servant girl testified that she was driving the cow in question, and that the defendant's servant drove by the cow on her right side and hit her with his wheel in passing; and being asked upon cross-examination, whether she did not testify, on the trial before the justice, that the cow which died was hurt on her left side, denied that she so then testified. The plaintiff also testified that the cow which died was hurt on her right side, as he thought.

When the plaintiff rested the defendant offered to prove that, on the trial below, both the girl and the plaintiff testified that the cow which died was hurt on her left shoulder, which the pleas overruled. In this, I think, the court overruled legal testimony. If the cow which died was hurt on the left shoulder, it could not have been the cow struck by

the defendant's servant, and it was competent for the defendant to show that both the girl and the plaintiff had both so testified below.

The fact offered to be proved was pertinent to the issue, and out of the plaintiff's own mouth, and that too, under oath.

Let the judgment be reversed and the cause remitted, to be proceeded on according to law.

Judgment reversed.

VAN DYKE, J., concurred.